**Jewell James WILLIAMS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21781.**

United States Court of Appeals
Ninth Circuit.

Dec. 19, 1967.

am unable to point to anything in the record indicating that he was trying the case less vigorously than he might otherwise have had were it not for the clash between himself and appellant at the opening of the trial."

Jack A. Dahlstrum (argued), G. Merle Bergman, Hollywood, Cal., for appellant.

John A. Mitchell, Asst. U. S. Atty. (argued), Edwin L. Miller, Jr., U. S. Atty., San Diego, Cal., for appellee.

Before HAMLEY and MERRILL, Circuit Judges, and GRAY, District Judge.

PER CURIAM:

Proceeding pro. per., Jewell James Williams tendered a 245-page handwritten document in the district court for filing, and at the same time moved for leave to proceed in forma pauperis. The district court construed the document as combining an application for relief under 28 U.S.C. § 2255 (1964), and an action against the United States for damages predicated on the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 (1964). The court ordered the pleading filed without prepayment of filing fee.

The district court then, proceeding on its own motion, and without providing an opportunity for issuance and service of process, and without notice to Williams, dismissed the complaint as frivolous, stating its grounds for such action. The order did not, in terms, dismiss the action. Williams appealed.

This court thereafter dismissed the appeal insofar as it related to the section 2255 aspect of the case. Insofar as the complaint invoked the Federal Tort Claims Act, the appeal remained pending and was processed through the filing of briefs and the holding of oral argument. At the oral argument the question was raised, and discussed, as to whether the order dismissing the complaint without expressly dismissing the action was a final decision appealable under 28 U.S.C. § 1291 (1964).

An order which dismisses a complaint without expressly dismissing the action is not, except under special circumstances, an appealable order. The special circumstances under which this court will regard such an order as final, and therefore appealable, must be such as to make it clear that the district court determined that the action could not be saved by any amendment of the complaint. Firchau v. Diamond National Corporation, 9 Cir., 345 F.2d 269, 270–271.

We are not satisfied that the district court intended to determine that Williams (who is now represented by counsel) could not state allegations in an amended complaint which would state a claim upon which relief can be granted. Accordingly, special circumstances do not here exist which warrant us in holding that the order dismissing the complaint, insofar as it pertains to the Federal Tort

Claims Act, is a final and appealable order.

The appeal is therefore dismissed without prejudice, and the cause is remanded to the district court to enable Williams to file an amended complaint, which he may do as a matter of right inasmuch as no responsive pleading has been filed. See Rule 15(a), Federal Rules of Civil Procedure.